tions suggest that the items for which there was probable cause to search and seize were written communications—not DVDs and optical cameras. Yet, by their terms, the Witness Tampering Warrants permitted the State to search for any-thing—from child pornography to medical records to consumer information to tax returns. In short, they permitted the spe-cies of wide-ranging, exploratory searches the Framers intended to prohibit. Be-cause the lack of temporal limitations is sufficient to invalidate the Witness Tam-pering Warrants, we need not reach these other potential substantive challenges. In-stead, we caution that the risk that war-rants for digital and electronic devices take on the character of "general warrants" is substantial. This reality necessitates heightened vigilance, at the outset, on the part of judicial officers to guard against unjustified invasions of privacy.

## III. CONCLUSION

The subject of this prosecution is an unsympathetic figure. And the sexual ex-ploitation of children is a dreadful scourge in our society. But "[t]he principles laid down in this [O]pinion affect the very es-sence of constitutional liberty and security. They reach further than the concrete form of the case before the court ...; they apply to all invasions on the part of the government and its employe[e]s of the sanctity of a [person's] home and the pri-vacies of life." [125] "There is always a temptation in criminal cases to let the end justify the means, but as guardians of the Constitution, we must resist that tempta-tion." [126]

The United States Constitution and the Delaware Constitution both mandate that the decision of the Superior Court with respect to the Motion to Suppress be re-versed. Accordingly, the judgments of con-viction are REVERSED. This matter is remanded for further proceedings in accor-dance with this Opinion.

**Howard WALSH, Defendant
Below, Appellant,**

**v.**

---

that, for an unconstitutional warrant to be cured through incorporation by reference to an affidavit, the affidavit must not be filed under seal. *See, e.g., Bartholomew v. Pennsyl-vania,* 221 F.3d 425, 429–30 (3d ·Cir.2000) ("We now make clear ... and hold that, gen-erally speaking, where the list of items to be seized does not appear on the face of the warrant, sealing that list, even though it is 'incorporated' in the warrant, would violate the Fourth Amendment."). Here, the Appli-cations and Affidavits indicate that they were filed under seal.

Although the Witness Tampering Warrants, under "ITEMS TO BE SEARCHED FOR AND SEIZED[,]" state in paragraph 1, "[e]n-ter and search the residence [or office] as completely described herein [*sic*] the applica-tion and affidavit for evidence of the afore-mentioned crime(s)[,]" it is not clear that the broad lists of items in the Witness Tampering Warrants are necessarily *limited* by the Affi-davits and, if so, in what fashion. A19 (War-rant 1 ¶ 1); A31 (Warrant 2 ¶ 1). This is true particularly in view of the fact that the Affida-vits contain sweeping, boilerplate language concerning digital data and the ability of fo-rensic experts to recover it for lengthy periods of time, including "years after it [i]s written." Thus, even assuming, *arguendo,* that the Affi-davits are fairly incorporated, they fail to cure the constitutional defects, as they lack tempo-ral restraints as to all potential victims and fail to guide the executing officers as to the limits of the search and seizure.

**125.** *Boyd,* 116 U.S. at 630, 6 S.Ct. 524.

**126.** *Castagnola,* 46 N.E.3d at 661 (citation omitted) (internal quotation marks omitted).

STATE of Delaware, Plaintiff Below, Appellee.

No. 23, 2016

Supreme Court of Delaware.

Submitted: January 22, 2016

Decided: March 16, 2016

DISMISSED.

■

Howard WALSH, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 688, 2015

Supreme Court of Delaware.

Submitted: December 28, 2015

Decided: March 16, 2016

DISMISSED.

■

Thomas F. KANE, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 448, 2015

Supreme Court of Delaware.

Submitted: January 27, 2016

Decided: March 17, 2016

AFFIRMED.

■

Efrain RIVERA, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 416, 2015

Supreme Court of Delaware.

Submitted: March 2, 2016

Decided: March 21, 2016

AFFIRMED.

■

Dawn KRAFT–MORRIS, Respondent Below, Appellant,

v.