# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
)
v. ) **ID No. 1410004172**
) **Cr. A. Nos. IN14-10-0750, etc.**
)
HOWARD A. WALSH, )
)
          Defendant. )

Submitted: September 13, 2016
Decided: December 12, 2016

## ORDER DENYING MOTION TO
## REDUCE AND CORRECT SENTENCE

This 12th day of December, 2016, upon consideration of the Defendant Howard A. Walsh's *pro se* "Motion for Sentence Reduction and Correction" (D.I. 28), his supporting supplemental filing (D.I. 52), the State's response thereto (D.I. 54), and the record in this matter, it appears to the Court that:

(1)    On May 13, 2015, Howard A. Walsh was convicted of three separate counts of possession of a firearm by a person prohibited ("PFBPP") and other offenses.[1]    His sentencing occurred several months later, on

---

[1]    *See* Verdict Form, *State v. Walsh*, I.D. No. 1410004172 (Del. Super. Ct. May 13, 2015) (D.I. 13).

November 6, 2015, after a pre-sentence investigative report was prepared. Walsh was sentenced to serve a cumulative 30-year term of imprisonment.[2]

(2)    Walsh docketed a timely direct appeal from his convictions and sentence.[3]  While his appeal was pending, Walsh timely filed this *pro se* motion under Superior Court Criminal Rule 35 requesting "reduction and correction" of the Level V terms of his sentence.[4]  The Court stayed and deferred decision on Walsh's motion while his appeal was pending.[5] Walsh's convictions and sentence were affirmed on direct appeal.[6]

(3)    Walsh now seeks a reduction or "correction" of his sentence to "three (3) years at Level Five, and possible [sic] suspending two (2) years on probation for each PFBPP charges."[7]  Walsh posits three reasons for

---

[2]    *See* Sentencing Order, *State v. Walsh*, I.D. No. 1410004172 (Del. Super. Ct. Nov. 6, 2015).  Walsh's previous convictions for violent felonies subjected him to a ten-year minimum mandatory sentence for each of his three PFBPP convictions. *See* DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2014).

[3]    *See* Not. of Appeal, *Walsh v. State*, No. 612 (Del. filed Nov. 19, 2015).

[4]    Def.'s Mot. for Sent. Red. at 2-4.

[5]    *See* Order Staying & Deferring Decision on Rule 35(b) Mot., *State v. Walsh*, I.D. No. 1410004172 (Del. Super. Ct. Dec. 17, 2015) (order staying Walsh's Rule 35 motion during pendency of appeal); *Walsh v. State*, 2016 WL 1165899 (Mar. 16, 2016) (dismissing Walsh's appeal of this Court's election to defer consideration of Walsh's motion for reduction and correction of sentence until supreme court decided Walsh's direct appeal).

[6]    *See Walsh v. State*, 2016 WL 3751911 (Del. June 29, 2016).

[7]    Def.'s Mot. for Sent. Red. at 3.

-2-

reducing or correcting his term of imprisonment: (a) illegality, in that over ten years have passed since his last prior felony conviction and thus he does not think he qualifies for 11 *Del. C.* § 1448(e)(1)(c)'s enhanced mandatory minimum sentence; (b) an *ex post facto* argument, in that his prior convictions occurred before the 1994 amendment of Delaware's person prohibited statute; and (c) ineffective assistance of counsel, in that he believes his trial counsel improperly allowed his New York burglary conviction to be used to enhance his sentence.[8]

(4) The Court considers Walsh's first two arguments under Superior Court Criminal Rule 35(a).[9] Rule 35(a) permits the Court to correct an illegal sentence, but does not permit the Court to "re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[10] In fact, "Rule 35(a) presupposes a valid conviction."[11] Thus, relief under Rule 35(a) is available only when a sentence exceeds statutorily

---

[8]     *See id.* at 3-4; Def.'s Status Rpt. at 2 (D.I. 52).

[9]     Del. Super. Ct. Crim. R. 35(a).

[10]     *Brittingham v. State*, 705 A.2d 577, 578 (1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

[11]     *Buchanan v. State*, 2013 WL 5918802, at *1 (Del. Nov. 1, 2013) (citing *Brittingham*, 705 A.2d at 578).

authorized limits, violates the Double Jeopardy clause, is ambiguous, or is internally contradictory.[12]

(5) Walsh first argues his sentence is illegal because the two felonies that enhanced his mandatory minimum term occurred more than ten years prior to his current crimes.[13] Under Delaware law, "any person who is a prohibited person . . . and who knowingly possesses, purchases, owns or controls a firearm . . . while so prohibited shall receive a minimum sentence of . . . [t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony."[14] Nowhere in § 1448(e)(1)(c) does it specify that the two prior aggravating convictions must be within ten years of the current charge.[15]

(6) On Walsh's direct appeal, the Delaware Supreme Court, relying on § 1448(e)(1)(c)'s unambiguous language, specifically held that that sentencing enhancer "does not require that the previous violent felony

---

[12] *See Brittingham*, 705 A.2d at 578.

[13] Def.'s Mot. for Sent. Red. at 2.

[14] DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2014).

[15] *Compare id., with id.* at § 1448(e)(1)(b) (providing that a person prohibited with a firearm "shall receive a minimum sentence of . . . [f]ive years at Level V", but only "if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date").

-4-

convictions occur within ten years of the PFBPP conviction."[16] As such, Walsh's first argument that his sentence is "illegal" and must be corrected on this basis is meritless.

(7) Walsh's second claim – that use of his two prior convictions to enhance his PFBPP sentences violates the *Ex Post Facto* clause because those prior convictions were incurred before 1994 – was also specifically rejected on Walsh's direct appeal.[17] He sentence needs no "correction" on this basis either.

(8) But Walsh argues anew that even if the passage of time did not matter, his prior burglary felony from New York was not "violent," and so he is not subject to § 1448(e)(1)(c)'s enhanced sentencing provision. Walsh was convicted of assault in the second degree and burglary in the second degree in New York. He does not contend that the assault conviction is not a violent felony under 11 *Del. C.* § 1448(e)(1)(c). But he does argue that his burglary in the second degree conviction did not constitute a "violent felony."

(9) As our supreme court noted on direct appeal, Walsh's attorney agreed that his New York burglary conviction constituted a violent felony.

---

[16] *Walsh v. State*, 2016 WL 3751911, at *3.

[17] *See id.* (holding that Walsh's "sentences do not violate the *Ex Post Facto* clause.").

Counsel agreed for good reason. The extant New York burglary statute[18] and Delaware's burglary statute[19] are materially identical. Walsh's second degree burglary conviction under New York law was for "an offense . . . which is the same as, or equivalent to" Delaware's second degree burglary and was, therefore, properly considered a "violent felony" for calculating his

---

[18] The 1988 New York burglary second degree statute read:

"A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:
    1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
        (a) Is armed with explosives or a deadly weapon; or
        (b) Causes physical injury to any person who is not a participant in the crime; or
        (c) Uses or threatens the immediate use of a dangerous instrument; or
        (d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
    2. The building is a dwelling."

N.Y. PENAL LAW § 140.25 (McKinney 1981).

[19] Delaware's burglary second degree statute reads:

"(a) A person is guilty of burglary in the second degree when the person knowingly enters or remains unlawfully:
    (1) In a dwelling with intent to commit a crime therein; or
    (2) In a building and when, in effecting entry or while in the building or in immediate flight therefrom, the person or another participant in the crime:
        a. Is armed with explosives or a deadly weapon; or
        b. Causes physical injury to any person who is not a participant in the crime."

DEL. CODE ANN. tit. 11, § 825 (2014).

sentence under § 1448(e)(1)(c).[20] Walsh's argument that the New York burglary conviction should not be counted towards the enhanced PFBPP minimum mandatory is without merit.

(10) To the extent that Walsh's third claim is an allegation of ineffective assistance of counsel – *i.e.*, that the integrity of his sentence might now be questioned due to events at trial or sentencing – it is not cognizable under Rule 35(a).[21] And just as a sentence correction application does, a motion to reduce a sentence under Rule 35(b) presupposes a valid conviction and sentence proceedings.[22] It is not a vehicle to attack the

---

[20] *See* DEL. CODE ANN. tit. 11, § 4201(c) (2014) (listing burglary in the second degree as a "violent felony"); *see also id.* at 4215A(a) (providing that "if a previous conviction for a specified offense would make the defendant liable to a punishment greater than that which may be imposed upon a person not so convicted, that previous conviction shall make the defendant liable to the greater punishment if that previous conviction was . . . [f]or an offense specified in the laws of any other state . . . which is the same as, or equivalent to, an offense specified in the laws of this State.").

[21] *See Childress v. State*, 1999 WL 971087, at *1 (Del. Oct. 5, 1999) ("The 'narrow function' of Rule 35(a) is to permit the correction of an illegal sentence [or a sentence imposed in an illegal manner] . . . . Rule 61 governs the procedure upon which a person may attack a conviction.").

[22] *See State v. Lewis*, 797 A.2d 1198, 1200 (Del. 2002) ("Rule 61 addresses post-conviction relief, which requires a legal challenge to the conviction, whereas Rule 35(b) allows a reduction of sentence, without regard to the legality of the conviction."). *See also Poole v. United States*, 250 F.2d 396, 401 (D.C. Cir. 1957) (under the federal analogue, a Rule 35 motion for reduction of sentence "is essentially a plea for leniency and presupposes a valid conviction . . . . It is wholly inappropriate to test [via Rule 35] the propriety of" the underlying proceedings).

validity of the conviction or related proceedings.[23] If relief for such a claim is even available to Walsh, it would only be so via postconviction proceedings which provide a procedure for a criminal defendant to seek to set aside his conviction, or, in certain limited circumstances, his sentence.[24] Walsh has motion for postconviction relief pending before this Court.[25]

(11) Lastly, the Court has no discretion to otherwise reduce Walsh's sentence under Rule 35(b). The intent of Superior Court Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[26] Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has

---

[23] *See, e.g., State v. Rivera*, 2014 WL 3894274, at *2 (Del. Super. Ct. Aug. 11, 2014); *State v. Hofmann*, 2014 WL 3955714, at *2 (Del. Super. Ct. Aug. 12, 2014).

[24] *See Wilson v. State*, 2006 WL 1291369, at *1 n.3 (Del. May 9, 2006) (explaining that this Court should "consider the true substance of [an inmate's] claim" to discern whether it is relief either under Rule 61 or under Rule 35 that is cognizable). *See also Brawley v. State*, 1992 WL 353838, at *1 (Del. Oct. 7, 1992) (challenge of an attorney's effectiveness at sentencing done via postconviction proceedings at which inmate has the burden of showing "there is a reasonable probability that, but for the counsel's error, the result of [his] sentencing would have been different.") (internal citations omitted); *Franklin v. State*, 2006 WL 1374675, at *2 (Del. May 17, 2006) (same); *State v. Torres*, 2015 WL 5969686, at *11 (Del. Super. Ct. Oct. 2, 2015) (same); *State v. Colburn*, 2016 WL 3248222, at *2 (Del. Super. Ct. June 1, 2016), *aff'd*, 2016 WL 5845778 (Del. Oct. 5, 2016) (same).

[25] Def.'s Mot. for Postconviction Relief, *State v. Walsh*, I.D. No. 1410004172 (Del. Super. Ct. Aug. 1, 2016) (D.I. 51). Del. Super. Ct. Crim. R. 61 (rule governing Court's postconviction relief procedures).

[26] *See Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

broad discretion to decide if it should alter its judgment.[27] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[28] But, while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[29]

(12) The Court was constrained to impose at least the ten-year mandatory prison term for each PFBPP charge and was, and is, statutorily prohibited from ordering any of those prison terms to run concurrently.[30] And so, Walsh's 30-year term of unsuspended imprisonment is comprised wholly of minimum terms that must be imposed, cannot be suspended, must

---

[27]    *See Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[28]    *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014).

[29]    *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[30]    *See* DEL. CODE ANN. tit. 11, § 3901(d) (Supp. 2014) ("[N]o sentence of confinement . . . shall be made to run concurrently with any other sentence of confinement imposed . . . for any sentence for possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony."); *id.* at § 3901(e) (under § 3901, "'Title 11 violent felony' means . . . any offense set forth under the laws of . . . any other state . . . which is the same as or equivalent to any of the offenses designated as a Title 11 offense identified in § 4201(c) . . . .").

run consecutively, and which the Court has no authority to reduce under Rule 35.[31]

(13) Accordingly, the Court must **DENY** Walsh's request to reduce or "correct" his term of imprisonment.

**SO ORDERED this 12th day of December, 2016.**

SO ORDERED this 12th day of December, 2016.

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:   Zachary Rosen, Deputy Attorney General
      Mr. Howard Walsh, *pro se*
      Investigative Services Office

---

[31]   *See Sturgis*, 947 A.2d at 1092; *Richmond v. State*, 2016 WL 6092472, at *2 (Del. Oct. 16, 2016).